UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL F. SARRADET, ET AL.

VERSUS

THE DOW CHEMICAL COMPANY, ET AL.

CIVIL ACTION

NUMBER 14-05-SDD-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 28, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL F. SARRADET

VERSUS

THE DOW CHEMICAL COMPANY, ET AL.

CIVIL ACTION

NUMBER 14-05-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is Plaintiff's Motion to Remand filed by Paul Sarradet.  Record document number 5.  The motion is opposed.[1]

For the reasons which follow, the Plaintiff's Motion to Remand should be denied.

**Background**

Plaintiff Paul Sarradet filed an Original Petition for Damages in state court seeking damages for injuries resulting from exposure to asbestos while working at a Dow Chemical Company plant in Plaquemine, Louisiana.[2]  Plaintiff alleged that Dow and certain of its employees failed to implement safe handling procedures to prevent his exposure to asbestos and/or warn him of the potential

---

[1] Record document number 6.  Plaintiff filed a reply memorandum.  Record document numbers 10.  Defendant Dow filed a sur-reply.  Record document number 13.

[2] Plaintiff died on December 19, 2013. Record document number 16, Status Report, p. 7, section J.1.; record document number 17, Suggestion of Death Motion for Substitution of Plaintiff.  Sara Sarradet was substituted as plaintiff.  Record document number 18. For the purpose of this report and recommendation, Paul Sarradet is considered as the plaintiff

harm from exposure.  Plaintiff alleged that as a result of his exposure to asbestos he contracted Mesothelioma.

Among the defendants, the plaintiff, a Louisiana resident, included several alleged executive officers of Dow including Louisiana residents John W. Gross, Roddey L. Peebles, John R. O'Neal, Jr., David P. Mihalik, and Roger L. Bowlin (officer defendants). Plaintiff alleged that at various times while working at Dow the officer defendants supervised the plaintiff and were delegated the duties to provide him with a safe place to work, safety instructions, and warnings of hazards and dangers in the workplace. Plaintiff alleged that the officer defendants both negligently and intentionally failed to fulfill their delegated duties.

Defendant Dow removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the citizenship of the Louisiana officer defendants should be ignored because they were improperly joined.[3]  Dow argued that plaintiff's conclusory and unspecific allegations concerning their intentional acts fail to demonstrate any reasonable basis for

---

[3] See, record document number 1, Notice of Removal, ¶¶ 9-11. Other named officer defendants include: Paul. T. Coram, William Thomas Austin, William Edward Ledford, Donna D. Hicks, and Richard D. Olson.  These officer defendants were not alleged to be citizens of Louisiana, and thus are not relevant to the improper joinder inquiry.  Plaintiff also named The Dow Chemical Company as a defendant, which is incorporated in Delaware and with its principal place of business in Michigan.

recovery under Louisiana law.  Because the plaintiff failed to allege sufficient facts to state a cause of action based on an intentional tort against the Louisiana officer defendants, the officer defendants are immune from liability under the Louisiana Workers' Compensation Act for any alleged wrongful acts after 1976. As to the remaining claims against the Louisiana officer defendants prior to 1976, Dow asserted that the plaintiff cannot show that any one of these defendants owed a personal duty to plaintiff in connection with his alleged exposure to asbestos and/or breached that duty.

Plaintiff moved to remand, arguing that the officer defendants were not improperly joined and Dow cannot show that there is no possibility of establishing a cause of action against them.  In support of his argument, the plaintiff asserted that he sufficiently alleged with particularity the officer defendants' intentional and negligent acts to demonstrate a personal duty was owed to him.  Plaintiff argued that the were delegated a duty of overseeing asbestos safety in the Chlorine and Cell Service Area where he worked, but failed to fulfill this duty.  Plaintiff also produced evidence or the purpose of establishing that the officer defendants owed a personal duty to him to keep him safe from over-exposure to asbestos.

**Applicable Law**

The party seeking removal based on improper joinder of an in-

state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id*. In

resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

**Individual Officer Liability**

The state law governing the court's analysis of the improper joinder issue in this case is Louisiana's law setting forth the circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons. This law is explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). In *Canter* the court adopted the following criteria for imposing liability on individual officers or employees for breaching a duty arising solely because of the employment relationship:

> 1. The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.
>
> 2. This duty is delegated by the principal or employer to the defendant.
>
> 3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances--whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

5

> 4. With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Id.* at 721; *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (2005).

**Louisiana Workers' Compensation Act**

An employee injured in the course of his employment is generally limited to recovery of worker's compensation benefits, unless the injuries are the result of an intentional act. The workers' compensation law of Louisiana, effective October 1, 1976, is codified in LSA-R.S § 23:1032, which provides:

> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
> (b) This exclusive remedy is exclusive of all claims,

6

> including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.

The intentional act exception to worker's compensation is narrowly construed. *Reeves v. Structural Preservation Systems*, 98-1795 (La. 3/12/99), 731 So.2d 208. Establishing that a workplace injury resulted from an intentional act requires evidence that the employer either (1) consciously desired the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knew that result was substantially certain to follow from his conduct, whatever his desire may have been as to that result. *Swope v. Columbian Chemicals Co.*, 281 F.3d 185 (5th Cir. 2002), *citing*, *Bazley v. Tortorich*, 397 So.2d 475 (La.1981). Generally, Louisiana courts recognize that "mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulation or the failure to use safety equipment by an employer does not constitute intentional wrongdoing." *DelaHoussaye v. Morton Intern. Inc.* 300 Fed.Appx. 257, 258, (5th Cir. 2008), citing, *Micele v. CPC of La., Inc.*, 98-0044 (La.App. 4 Cir. 3/25/98), 709 So.2d 1065, 1068.

## Analysis

All of the parties' arguments and evidentiary submissions have been considered. It is not necessary to discuss all of them in

7

this report; only the most relevant ones are mentioned.

**Plaintiff Did Not Sufficiently Allege an Intentional Tort Against Any Officer Defendant**

A review of the allegations in the plaintiff's Petition for Damages and the record at the time of removal demonstrates that the plaintiff has not alleged a valid intentional tort claim against any of the officer defendants.

Plaintiff argued that his allegations concerning his intentional tort claims against the officer defendants were plead with sufficient particularity. Specifically, the plaintiff alleged that the officer defendants knew it was substantially certain the plaintiff would suffer from an asbestos-related disease as a result of committing the following acts:

(a) Intentionally failing to provide necessary protection to Plaintiff;

(b) Intentionally failing to provide safety equipment as required by safety statutes;

(c) Intentionally failing to provide clean, respirable air, and proper ventilation;

(d) Intentionally failing to provide proper medical monitoring;

(e) Intentionally failing to monitor the extent and output of asbestos dust into the workplace;

(f) Intentionally failing to warn Plaintiff and other workers of the dangers associated with asbestos and/or asbestos containing products;

(g) Intentionally inducing the Plaintiff and other workers to work in a workplace polluted with asbestos and/or asbestos containing products; and

(h) Intentionally failing to keep asbestos and/or asbestos containing dust output into the workplace at safe levels.[4]

Plaintiff's conclusory allegations are insufficient to show a reasonable basis of recovery under the intentional tort exception of the Louisiana Workers' Compensation law. Plaintiff offers no evidence or substantive arguments to suggest that he can satisfy the "substantial certainty" requirement of the intentional act exception to the Workers' Compensation Act. Non-specific allegations have been found insufficient to satisfy the "substantial certainty" criterion needed to establish an intentional tort.[5] A review of the evidence provided by the plaintiff also fails to establish the likelihood that any acts of the officer defendants rose to the level of an intentional tort.

**Plaintiff Did Not Allege a Reasonable Factual Basis for a Claim Against Defendant Officers O'Neal, Mihalik, Bowlin, and Gross Based on Their Individual Liability**

Because a reasonable basis of recovery against an officer defendant on an intentional tort claim has not been established, remand is only proper if a valid negligence claim against a Louisiana officer defendant, arising prior to October 1, 1976, is alleged. Plaintiff initially relied on the allegations in the

---

[4] Record document number 1-2, Original Petition for Damages, ¶ 41-44.

[5] *Moore v. Louisiana Generating, LLC*, 2010 WL 565383, p.7 (M.D.La. Feb. 17, 2010)(citing Louisiana state court cases).

9

petition to establish the officer defendants' liability under *Canter*. The allegations against the officer defendants are found in paragraphs 35 - 40 of the state court petition. However, the allegations fail to provide sufficient factual matter to state a plausible claim of relief. Although the plaintiff alleged that the officers defendants failed to perform specific duties to create a safe working environment and protect him from exposure to asbestos, merely listing these duties does not equate to alleging a specific breach of a personal duty owed to the plaintiff. Plaintiff is simply alleging the officer defendants are liable based on the administrative and/or supervisory duties they held at Dow and the responsibilities they owed to all employees rather than a duty owed personally to the plaintiff arising from some facts unique to him.[6]

Dow's evidence and arguments are sufficient to carry its burden of demonstrating improper joinder. The record is devoid of any evidence showing that any officer defendant owed a personal duty to the plaintiff prior to the effective date of the Louisiana Workers' Compensation Law. The evidence applicable to each Louisiana officer defendant is addressed below.

**Officer Defendants O'Neal and Mihalik**

Dow produced evidence to show that John R. O'Neal, Jr. and

---

[6] Plaintiff's reliance on *Bryant V. Exxon Mobil Corporation, et al.,* 10-532, 2011 WL 3166147 (M.D.La. May 19, 2011), is unpersuasive, essentially for the reasons argued by the defendant. Record document number 6, p. 22-23.

David P. Mihalik were not employed by Dow prior to 1976.[7] Plaintiff failed to refute this evidence. Thus, all claims against them are barred by the Workers' Compensation Act because, as discussed above, the general allegations in the petition are insufficient to establish an intentional tort.

**Officer Defendants Bowlin and Gross**

Dow also provided evidence to show that both officer defendants Bowlin and Gross were not in a supervisory capacity over the plaintiff or were not delegated any duties concerning asbestos safety prior to 1976.[8] The evidence relied on by the plaintiff fails to create a dispute as to these facts.[9] Exhibit 9 is a performance profile of John Gross which provides generalized information concerning his work history and accomplishments at Dow. This document in no way indicates any personal duty was owed to the plaintiff prior to 1976. Exhibits 10 and 11 pertain to the objective and goals set for Bowlin and Gross in 1990, and thus cannot possibly support any duty owed to the plaintiff prior to 1976.

---

[7] Record document number 6-6, Affidavit of John R. O'Neal, ¶ 3; Record document number 6-5, Affidavit of David Mihalik, ¶ 2.

[8] Record document number 6-3 and 6-4, Exhibits 3 and 4, Affidavits of Roger Bowlin and John Gross, respectively.

[9] Record document number 5-2, Exhibits 9, 10, and 11.

11

**Officer Defendant Peebles**

The allegations and evidence are insufficient to create a factual dispute as to whether Peebles owed a personal duty to the plaintiff under *Canter*. Plaintiff provided evidence to show that Peebles had personal knowledge of the harmful nature of asbestos and of safety measures to limit exposure to it, i.e. wetting asbestos bags down before opening them.[10] Plaintiff also submitted a document to show that at some point prior to October 1, 1976, Peebles was in charge of enforcing safety measures concerning asbestos handling.[11] However, even construing this evidence in favor of the plaintiff's position that Peebles has a duty concerning asbestos safety, the duties described by these documents are at best general administrative responsibilities and duties Peebles owed to all workers he allegedly supervised. And although the plaintiff testified that he saw asbestos fibers in the air when he dumped asbestos out of paper bags in the Chlorine Unit,[12] the plaintiff did not include any allegation, argument, or evidence that connects this fact to Peebles' alleged asbestos safety duty, which would be needed to create a personal duty owed to the

---

[10] Record document number 5-2, Exhibit 8.

[11] Record document number 5-2, Exhibit 7.

[12] Record document number 5-2, Exhibit 4, Deposition of Paul F. Sarradet, Jr., pp. 9-10. Plaintiff's testimony does not indicate whether this practice occurred prior to October 1, 1976. However, because no personal duty has been established, it is unnecessary to further address or resolve this issue.

plaintiff, e.i. that Peebles' had knowledge of the plaintiff's practice of handling dry asbestos prior to October 1, 1976. Moreover, the plaintiff has offered no evidence that Peebles even knew the plaintiff before 1981.[13]

Plaintiff also relied on evidence showing that a source of asbestos exposure in the Cell Service Area came from dry brushing copper on cathodes prior to 1986.[14] However, even assuming that this document reflects the plaintiff's work practices occurring in 1976 or earlier, for the same reasons discussed above, it does not support finding that Peebles owed a personal duty the plaintiff.

Without factual allegations to support the assertion that Peebles had a personal duty to the plaintiff distinct from the general duties and responsibilities of his position, the court has no reasonable basis to predict that the plaintiff can recover against Peebles under Louisiana law.

**Conclusion**

Defendant Dow has shown by a preponderance of the evidence that there is no reasonable basis for this court to predict that he might be able to recover against any of the Louisiana officer defendants in their individual capacity under Louisiana law. Because these Louisiana officer defendants were improperly joined

---

[13] Record document number 6-1, Exhibit 1, Affidavit of Roddy Peebles, p. 3, ¶ 6.

[14] Record document number 5-2, Exhibit 12.

13

their citizenship is disregarded.  Consequently, because there is complete diversity of citizenship between the plaintiff and other defendants, the court has diversity jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand filed by Paul Sarradet be denied.

Baton Rouge, Louisiana, April 28, 2014.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE