# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

PAUL F. SARRADET

CIVIL ACTION

VERSUS

THE DOW CHEMICAL COMPANY, ET AL.

NO. 14-00005-SDD-SCR

## RULING

The Court has carefully considered the *Petition*[1], the record, the law applicable to this action, and the *Report and Recommendation*[2] of United States Magistrate Judge Stephen C. Riedlinger dated April 28, 2014. Plaintiff filed an *Objection*[3] to the *Report and Recommendation* to which Defendant, Dow Chemical Company, has filed a *Reply*.[4] In response, Plaintiff filed a *Sur-reply*.[5]

## I. BRIEF FACTUAL AND PROCEDURAL HISTORY

For brevity's sake, the Court hereby adopts the Factual Background and Applicable Law as set forth in the Magistrate Judge's *Report and Recommendation*.[6]

Plaintiff, Paul Sarradet, a Louisiana resident, filed his state lawsuit against Dow and several other executive officers, alleging that he was substantially exposed to asbestos and asbestos-containing products while working at Dow Chemical plant in Plaquemine, Louisiana. As a result of this exposure, Sarradet claims to have developed

---

[1] Rec. Doc. 1-2.
[2] Rec. Doc. 19.
[3] Rec. Doc. 23.
[4] Rec. Doc. 26.
[5] Rec. Doc. 29.
[6] Rec. Doc. 19.

mesothelioma, a fatal asbestos cancer.[7]  Like the Plaintiff, several of the alleged

executive officer-Defendants are also Louisiana residents:  John W. Gross, Rodney L.

Peebles, John R. O'Neal, Jr., David P. Mihalik, and Roger L. Bowlin.  On January 1,

2014, Dow removed this personal injury, asbestos lawsuit from the 18th Judicial District

Court asserting subject matter jurisdiction under 28 U.S.C. § 1332.  Dow argued that the

citizenship of the Louisiana officer-Defendants should not be considered as they were

improperly or fraudulently joined.  On February 3, 2014, Sarradet filed a *Motion to

Remand* arguing that the Louisiana officer-Defendants were not improperly joined.[8]  He

based his argument on the sufficiency of the allegations within his *Petition* and by

producing evidence showing that the Louisiana officer-Defendants owed a personal

duty to him to keep him safe from overexposure to asbestos.

　　After reviewing the allegations and considering the evidence in the light most

favorable to Sarradet, the Magistrate Judge recommended that the *Motion to Remand*

be denied.  In reaching his decision, the Magistrate found that Plaintiff's allegations

failed to state valid intentional tort or negligence claims against the Louisiana officer-

Defendants.  Therefore, the Magistrate took his analysis one step further by piercing the

pleadings and conducting a summary judgment inquiry.  Based on his analysis, the

Magistrate concluded that the evidence failed to show that any Louisiana officer-

Defendant owed a personal duty to the Plaintiff prior to the effective date of the

Louisiana Workers' Compensation Law.  In his Conclusion, the Magistrate stated,

"Defendant Dow has shown by a preponderance of the evidence that there is no

reasonable basis for this court to predict that he might be able to recover against any of

---

[7] On December 19, 2013, Mr. Sarradet passed away.  On April 28, 2014, Ms. Sara Sarradet, the Plaintiff's
surviving spouse, was substituted as the proper Plaintiff in this matter.  (Rec. Doc. 18).
[8] Rec. Doc. 5.

the Louisiana officer defendants in their individual capacity under Louisiana law."[9]

Accordingly, he recommended denying Sarradet's *Motion to Remand* because complete diversity of citizenship existed.

Sarradet objects to the Magistrate's decision to pierce the pleadings and argues that by holding Dow to a lesser, incorrect burden of proof, the Magistrate erroneously concluded that there was no possibility that Sarradet had a claim against the Louisiana Officer-Defendants, specifically Rodney L. Peebles[10].

## II.  ANALYSIS

### A.  Magistrate's Decision to Pierce the Pleadings

The Court finds no merit in Plaintiff's argument that the Magistrate erred in moving beyond a Rule 12(b)(6) analysis by piercing the pleadings. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[11]  The summary inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," and should not proceed into a resolution of the merits.[12]  In this case, the Magistrate correctly found that the allegations within Plaintiff's *Petition* failed to allege a valid intentional tort or negligence claim against any of the in-state Officer-Defendants, and the District Court hereby adopts the Magistrate Judge's findings as its own.

---

[9] Rec. Doc. 19, p. 14.
[10] Plaintiff makes broad argument that, because the Magistrate applied the wrong evidentiary standard, the entire *Report and Recommendation* is wrong.  However, in argument, the Plaintiff focuses specifically on evidence provided as to his claims against Defendant Peebles.
[11] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).
[12] *Id.* at 573-74.

The Court further finds that the Magistrate did not abuse his discretion by piercing the pleadings to conduct a summary inquiry. Not only may a district court exercise its discretion to pierce the pleadings to determine if a plaintiff has a reasonable basis of recovery under state law, but, in this instance, Plaintiff argued in the alternative that he had presented sufficient evidence to make such a showing in support of his *Motion to Remand.*[13]

### B.     Evidentiary Burden of Proof

Upon piercing the pleadings, the Magistrate correctly considered the evidence supplied by the parties in support of their respective positions. It is well established that "fraudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party."[14] In this case, while the Magistrate correctly explained that the removing party has a heavy burden of proving improper joinder, and that all disputed questions of fact and ambiguities in the controlling state law are resolved in the non-removing-party's favor, he erred in applying a preponderance of the evidence standard. Nevertheless, after reviewing the record before it, and applying the correct evidentiary standard, the Court reaches the same result as the Magistrate.

Plaintiff argues that Dow has failed to demonstrate by clear and convincing evidence that there is no possibility of Plaintiff recovering from Defendant Rodney L.

---

[13] In his *Motion to Remand*, Plaintiff argues that in the event he has failed to sufficiently "plead with great particularity the duties allocated to the executive officers … and their negligence" the Court should consider the evidence he submitted with his motion. Rec. Doc. 5-1, p. 7. Plaintiff specifically states: "Second, while it is not necessary in this case, because Plaintiff has not misstated or omitted discrete facts, should this Court decide to pierce the pleadings, Plaintiff has presented sufficient evidence that the executive officers were delegated responsibility for asbestos safety at the Cell Service and Chlorine Area, where Mr. Sarradet worked, and further, that they failed to make this area safe from asbestos exposure for almost the entirety of Mr. Sarradet's over thirty years of work at Dow." Rec. Doc. 5-1, p. 7.
[14] *Doe v. Cutter Biological*, 774 F.Supp. 1001, 1003 (E.D.La. 1991)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723, at 343 (2nd ed. 1985)).

Peebles.[15] In a footnote, Plaintiff argues that he has also stated a claim against two other non-diverse Defendants, Roger L. Bowlin and John W. Gross, and directs the Court to the evidence originally submitted in support of his motion to remand. Because the Plaintiff does not raise any objection to the Magistrate Judge's *Report and Recommendation* as to Defendants, John R. O'Neal and David P. Mihalik, the Court hereby adopts the Magistrate's reasoning and findings as to these Defendants.

The parties agree that the Louisiana Supreme Court in *Canter v. Koehring, Co.*, set forth four (4) criteria for imposing liability upon a corporate officer or employee for breaching a duty arising solely because of the employment relationship.[16] Those criteria are as follows:

1.  The principal or employer owes a duty of care to the third person ... breach of which has caused the damage for which recovery is sought.

2.  This duty is delegated by the principal or employer to the defendant.

3.  The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4.  With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he

---

[15] Rec. Doc. 22, p. 13.
[16] *Canter v. Koehring, Co.*, 283 So.2d 716 (La. 1973).

5

personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.[17]

Construing the evidence in a light most favorable to Sarradet, the Court finds that when it applies the clear and convincing evidentiary standard, it reaches the same findings as that of the Magistrate Judge for the same reasons. Accordingly, the Court hereby and adopts the reasoning and findings of the Magistrate Judge's *Report and Recommendation* as to the Louisiana Officer-Defendants and incorporates said reasoning and findings here.

Additionally, the Court further finds that based on the clear and convincing evidence produced by Dow, Peebles had no supervisory authority over Sarradet prior to 1981; hence, Peebles did not have any supervisory responsibilities related to Sarradet or in Sarradet's unit until 1981.[18]

III.   CONCLUSION

Accordingly, the Court concludes that Defendant Dow has satisfied its heavy burden, by clear and convincing evidence, that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover from any of the Louisiana Officer-Defendants in their individual capacity under Louisiana law.  Because these Louisiana Officer-Defendants were improperly joined, their citizenship shall be

---

[17] *Id.* at 721.
[18] Peebles' Affidavit, Rec. Doc. 6-1; Sarradet's Personal Resume Dow, Rec. Doc. 6-2; Deposition of Peebles, Rec. Doc. 10-1; Rec. Doc. 13-1, Peebles Personal Resume Dow.

disregarded. Hence, there is complete diversity of citizenship between the Plaintiff and other Defendants. Accordingly, Plaintiff's *Motion to Remand* shall be denied.[19]

Baton Rouge, Louisiana the 16 day of July, 2014.

_Shelly Dick_
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[19] Rec. Doc. 5.